# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:19-cv-07190-VBF-KES                                         Date: April 14, 2022

Title: MACK WEST JR. v. D. LIVESAY, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **Order to Show Cause Why the Third Amended Complaint's Official Capacity Claims Against Defendant Livesay Should Not Be Dismissed (Dkt. 60)**

## I. PROCEDURAL HISTORY.

On July 25, 2019, Plaintiff constructively filed a civil rights complaint under 28 U.S.C. § 1983 against the following prison officials at California State Prison, Los Angeles County ("LAC"), where he was previously incarcerated: (1) Psychologist D. Livesay, in his individual and official capacities; (2) Correctional Officer Garcia; and (3) Correctional Officer Yslas, alleging retaliation in violation of the First Amendment and conspiracy to retaliate. (Dkt. 1.)

On November 25, 2019, the Court dismissed the Complaint after determining that Plaintiff had three strikes under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), and that the Complaint failed to state a claim on which relief may be granted. (Dkt. 13.) On July 17, 2020, the Ninth Circuit vacated the Court's order, finding that the Court erred in determining Plaintiff had three strikes under the PLRA. (Dkts. 16, 17.) The Ninth Circuit determined that this Court had counted two interlocutory appeals dismissed by this court for lack of jurisdiction. (Dkt. 16). Neither appeal was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." (<u>Id.</u> citing 28 U.S.C. § 1915(g)). While the Ninth Circuit agreed with the Court's determination that the Complaint failed to state a claim, it vacated and remanded to give Plaintiff an opportunity to file an amended complaint. (<u>Id.</u>)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:19-cv-07190-VBF-KES                                                                      Date: April 14, 2022
                                                                                                                         Page 2

On December 11, 2020, Plaintiff filed a First Amended Complaint. (Dkt. 23.) On January 20, 2021, the Court filed a Report and Recommendation ("R&R") to dismiss the First Amended Complaint without further leave to amend. (Dkt. 27.) On April 5, 2021, Plaintiff filed Objections to the R&R. (Dkt. 33.) In his Objections, Plaintiff identified multiple factual allegations that were not included in his First Amended Complaint and argued that he should be given a further opportunity to amend his complaint. (Id.) Given Plaintiff's pro se status and affording him every benefit of the doubt, the Court allowed Plaintiff to further amend his complaint.

On May 7, 2021, Plaintiff filed a Second Amended Complaint against Defendants Garcia and Yslas in their individual capacity only, and against Defendant Livesay in his induvial and official capacity. (Dkt. 35.) The Court screened the SAC and determined it would serve that it serve Defendants Livesay, Garcia, and Yslas, "in their individual capacity only." (See Dkt. 41.) The Court then ordered service of process by the U.S. Marshal on Defendants in their individual capacity only (Dkt. 40,), and on September 23, 2021, Defendants were served individually. (Dkts. 43, 44, 46.)

On December 3, 2021, Defendants filed a motion to dismiss the Second Amended Complaint, arguing that it fails to state a § 1983 claim for First Amendment retaliation against any Defendant and because Defendants are entitled to qualified immunity. (Dkt. 51.) On December 6, 2021, the Court issued a scheduling order directing Plaintiff to file a written response to the Motion on or before January 7, 2022. The Court also directed Plaintiff that he could, in lieu of filing a written opposition to the Motion, file a Third Amended Complaint on or before January 7, 2022, attempting to remedy the pleading defects identified in the Motion. (Dkt. 52.) Plaintiff filed three requests to extend his time to respond to the Motion, the first on January 6, 2022, the second on February 9, 2022, and the third on February 18, 2022. (Dkts. 53, 56, 58.) Each time, the Court granted Plaintiff's request but said nothing as to whether Plaintiff's deadline to file a Third Amended Complaint in lieu of filing a written opposition to the Motion was also extended. (See Dkts. 54, 57, 59.)

On March 21, 2022, Plaintiff filed a Third Amended Complaint rather than filing an opposition to the Motion. (Dkt. 60.) The Third Amended Complaint sues Defendants Garcia and Yslas in their individual capacity, and Defendant Livesay in his individual and official capacity. (Id.) The Court denied Defendants' motion to dismiss the Second Amended Complaint as moot on the ground that the Third Amended Complaint superseded the Second Amended Complaint. (Dkt. 61 at 2, citing Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997).)

On April 11, 2022, Defendants moved, inter alia, to dismiss the Third Amended Complaint's official capacity claims against Defendant Livesay. (Dkt. 62.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:19-cv-07190-VBF-KES                                                       Date: April 14, 2022
                                                                                                                     Page 3

## II. DISCUSSION.

It has been brought to the Court's attention that, after it screened the Second Amended Complaint and determined that it would order service on Defendants "in their individual capacity only," the Court should have dismissed the official capacity claim against Defendant Livesay with leave to amend or offered Plaintiff the option to voluntarily dismiss that official capacity claim. Neither of those things happened, however.

Nevertheless, under the PLRA, the Court has the authority to dismiss a claim "at any time" if it determines" that it is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court is inclined to do so now because the allegations of the Third Amended Complaint appear insufficient to state a claim against Defendant Livesay in his official capacity.

### A. Legal Standard.

Section 1915(e)(2)(B) states, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines" that the action is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. The Third Amended Complaint Fails to State Official Capacity Claims.

An official-capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citing Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 n. 55 (1978)); see Hafer v. Melo, 502 U.S. 21, 25 (1991). "Suits against state officials in their official capacity therefore should be treated as suits against the State." Hafer, 502 U.S. at 25. The California Department of Corrections and Rehabilitation ("CDCR") is a state agency, and thus, because Defendant Livesay is a CDCR employee, the official capacity claim against him is effectively a claim against the State.

The Eleventh Amendment, however, "bars suits against the State or its agencies for all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:19-cv-07190-VBF-KES  Date: April 14, 2022
Page 4

types of relief, absent unequivocal consent by the state." Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100 (1984)).  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  See BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988).

A narrow exception exists "where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights." Central Reserve Life of N. Am. Ins. Co. v. Struve, 852 F.2d 1158, 1161 (9th Cir.1988); see also Papasan, 478 U.S. at 277–78; Indep. Living Ctr. of S. Cal., Inc. v. Maxwell–Jolly, 572 F.3d 644, 660 (9th Cir.2009) ("[A] plaintiff may ... maintain a federal action to compel a state official's prospective compliance with the plaintiff's federal rights.") (citations omitted).  "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation.… Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013)

Plaintiff claims against Defendant Livesay in his official capacity appear to fail for the following reasons:

First, the Third Amended Complaint does not identify any law or policy that caused his alleged constitutional injuries.  Rather, the Complaint details a single incident of an allegedly retaliatory "falsified 128-B Chrono" that describes Plaintiff as being "rude," "disrespectful," "angry," and "disruptive" during Plaintiff's group therapy session.  (See Dkt. 62-1, Ex. 1.)  Such an isolated incident is insufficient to state a policy, custom, or practice.  See Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a … policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee."); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Second, his requested relief includes monetary damages from Defendant Livesay.  (Dkt. 60 at 24.)  Since Defendant Livesay is an employee of the CDCR, Plaintiff may not seek monetary damages against him in his official capacity, although this request may be limited to Plaintiff's claims against Defendant Livesay in his individual capacity.

Third, although Plaintiff seeks an injunction "ordering [Defendant Livesay] and his agents to … expunge or remove the CDC 128-B Chrono" from his Central File, (id.), this type of relief is also barred under the Eleventh Amendment, in that it is not prospective in nature and is not based on an ongoing violation of Plaintiff's constitutional rights.

Case No. 2:19-cv-07190-VBF-KES　　　　　　　　　　　　　　　　　　　　Date: April 14, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

　　　　Under some circumstances, expungement of records can be prospective relief appropriately sough from the State. However, such relief is appropriate only when the plaintiff would likely suffer ongoing or future federal constitutional harm. For example, in Sprague v. Med. Bd. of Cal., No. 07-CV-1561-JLS (LSP), 2009 U.S. Dist. LEXIS 141586 (S.D. Cal. Mar. 30, 2009), after the plaintiff's medical license was revoked by the Medical Board, she sought to vacate and seal her record "premised on her allegations of ongoing constitutional violations, mainly that the Medical Board operates in a manner that is chronically violative of due process." Id. at *10. The court found the plaintiff's requested relief appropriately prospective because she plausibly alleged a likely threat of future due process injury from the same past conduct. See also, Gratz v. Bollinger, 538 U.S. 244, 284 (2003) ("To seek forward-looking injunctive relief, petitioners must show that they face an imminent threat of future injury.").

　　　　Here, Plaintiff fails to sufficiently plead a likely threat of future or ongoing constitutional harm. While Plaintiff alleges that the 128-B Chrono was fabricated by Defendant Livesay in retaliation of Plaintiff's exercise of his First Amendment rights, such alleged retaliation occurred in the past and his requested relief is therefore retrospective. Liberally construing the Third Amended Complaint as alleging the 128-B Chrono will negatively impact his future parole hearing because it will be considered by the Parole Board, he still cannot allege a threat of future *constitutional* injury, i.e., there is no federal constitutional right to parole. Swarthout v. Cooke, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.") (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)).

　　　　Fourth, Plaintiff has not sufficiently pled that Defendant Livesay can effectuate the requested injunctive relief. That is, he has not alleged that Defendant Livesay has the authority to expunge the 128-B Chrono. See Ex parte Young, 209 U.S. 123, 157 (1908) ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party."); Papasan, 478 U.S. at 282 n.14.

### III.　CONCLUSION.

　　　　For the foregoing reasons, Plaintiff is ordered to show cause why the Third Amended Complaint's official capacity claims against Defendant Livesay should not be dismissed for failure to state a claim. Plaintiff may discharge this Order by doing one of the following **on or before April 29, 2022**:

　　　　1.　　Plaintiff may file response that explains what additional facts he can allege to overcome the above-identified pleading defects. In particular, Plaintiff should explain which law or policy is the moving force behind the alleged constitutional violation, what prospective non-monetary relief he seeks, how that relief is connected to the threat of future or ongoing federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:19-cv-07190-VBF-KES	Date: April 14, 2022
	Page 6

constitutional violations of his rights, and how Defendant Livesay can effectuate his requested injunctive relief if granted.

    2.    Plaintiff may file a response clarifying that he wishes to proceed against Defendant Livesay only in his individual capacity and voluntarily dismissing the claims against Defendant Livesay in his official capacity.  The clerk is directed to attach to this Order a Form CV-09 Notice of Voluntary Dismissal.

    3.    Plaintiff may file a response indicating that he wants to pursue his claims against Defendant Livesay in both his individual and official capacities, as detailed in the Third Amended Complaint, even though he has been advised that to do so likely will result in dismissal of the claim against Defendant Livesay in his official capacity.

**<u>If Plaintiff fails to timely respond to this Order by exercising one of these options, Plaintiff's official capacity claims may be dismissed for lack of diligent prosecution and/or failure to follow Court orders.</u>**

Initials of Deputy Clerk <u>JD</u>

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐  This action is dismissed by the Plaintiff(s) in its entirety.

☐  The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐  The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____        _____
*Date*                                                  *Signature of Attorney/Party*

*NOTE:  F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*